**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

_____X

LOUIS MEYERS,                                                    CIVIL ACTION NO.

    Plaintiff,                                                          JURY TRIAL DEMANDED

vs.

CENTRAL MAINE & QUEBEC RAILWAY
US INC. (D/B/A CANADIAN PACIFIC)

    Defendant.
_____X

## COMPLAINT

## NATURE OF ACTION

1. The plaintiff brings this Federal Employers' Liability Act action against the defendant pursuant to 45 U.S.C. 51 *et seq.* for injuries suffered by him while in the employ of the defendant Railroad.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51.

3. Venue of this action in the District of Maine is proper because the defendant Central Maine & Quebec Railway US, Inc. d/b/a Canadian Pacific has extensive operations within the District and the negligent events occurred within the District. 45 U.S.C. § 56.

1

## PARTIES

4. The plaintiff Louis Meyers resides in Dover-Foxcroft, Maine.

5. The defendant, Central Maine & Quebec Railway US, Inc. d/b/a Canadian Pacific, is a railroad carrier corporation duly established by law with offices and operations throughout the State of Maine.

## JURY TRIAL

6. Plaintiff demands a jury trial to the extent permitted by law.

## FACTS

7. During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between Maine and other states within the United States and between Maine and Canada.

8. At the time the plaintiff received the injuries complained of, he was employed by the defendant railroad as a locomotive engineer.

9. At the time the plaintiff received the injuries complained of the defendant railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

10. On or about October 19, 2022, the plaintiff was engaged in his duties as a locomotive engineer / conductor preparing with his fellow crew members to operate a train from Brownville Junction Terminal southbound to Herman, Maine. The railroad tracks upon which Plaintiff and his fellow crew members were to operate the train were owned and/or controlled and/or maintained by the defendant railroad.

11. At about 2:30AM on October 19, 2022, after days of pouring rain and a resulting declared state of emergency, the tracks along the route from Brownville Junction to Herman traveled through an area saturated by heavy rainwater with visibly swollen rivers and streams.

12. At about 2:30AM on October 19, 2022, defendant's managers knew or should have known that the above-described extreme weather conditions had saturated the area adjacent to the tracks running southbound from Brownville to Herman, resulting in an increased risk of track washout that would threaten the safety of any crew members operating railroad locomotives on those tracks.

13. Nevertheless, at about 2:30AM on October 19, 2022, the defendant managers ordered the plaintiff and his fellow crew members to operate a freight train consisting of three locomotives and about fifty cars (mostly tankers) from Brownville to Herman.

14. Despite knowing the plaintiff and his fellow crew members had to operate the southbound train through a wooded area saturated with rainwater during a declared state of emergency, the defendant failed to give them any special instructions, impose any special speed restrictions, or conduct a special inspection of the tracks before operation of the train.

15. Near Orneville, Maine, the plaintiff was riding in the cab of the front locomotive as one of his fellow crew members operated the train. The train was travelling at about 25 miles per hour when the operating engineer suddenly yelled out in fear. The plaintiff looked ahead and saw through the darkness that the tracks ahead were

suspended in the air above a swollen creek. Predictably, the heavy rains had washed out the soil and ballast that had supported the tracks.

16. A moment after the plaintiff saw the suspended tracks, the locomotive rolled onto those tracks and plunged into the creek. As the locomotive fell into the creek, a section of steel track pierced the cab window and nearly impaled the plaintiff in the head. The force of the impact threw the plaintiff out of his seat and into the hard surfaces of the cab. Multiple impacts tossed plaintiff about the cab as all three lead engines and six cars derailed and crashed into the creek and surrounding wooded area.

17. As a result of defendant's failure to provide the plaintiff with a reasonably safe place to work in violation of 45 U.S.C. Section 51 and to comply with applicable federal safety statutes, regulations, and Safety Advisories, the plaintiff has and will suffer permanent physical and psychological injuries rendering him unable to return to work.

## **FELA CAUSE OF ACTION**

18. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 17 of this Complaint with the same force and effect as if set forth under this cause of action.

19. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

   a. Failing to identify operating tracks and related infrastructure vulnerable to extreme weather events;
   b. Failing to implement plans and policies to monitor operating track infrastructure vulnerable to extreme weather events;

4

    c. Failing to implement training programs, rules, policies, and procedures related to severe weather to ensure weather-related action plans are promptly executed;

    d. Failing to monitor the waterways passing under or along the tracks to ensure those waterways had not caused a washout of the soil and ballast supporting the tracks;

    e. Failing to inspect the tracks to ensure the unusually heavy downpour of rain had not caused a washout of the soil and ballast supporting the tracks;

    f. Failing to impose a restricted speed order so the train could stop before derailing into a washout condition at night;

    g. Failing to cancel the train on which plaintiff was injured because of the risk it would encounter a washout in the darkness of night;

    h. Failing to comply with 49 Code of Federal Regulations Section 213.239 which calls for a special inspection of tracks in the event of a severe storm which might have damaged track structures;

    i. Failing to comply with Federal Railroad Administration Notice of Safety Advisory 97-1 (issued on September 4, 1997) which recommends track and bridge inspection and limits on train speed when there are flooding conditions;

    j. Failing to act in a reasonably prudent manner under all the facts and circumstances.

20. As a result of the negligence of the defendant, its agents, servants, or employees, the plaintiff was injured.

21. As a result of the failure of the defendant Railroad, its agents, servants, or employees to fulfill its duty under 45 U.S.C. Section 51 to use reasonable care to provide the plaintiff with a safe place in which to work, the plaintiff was injured.

22. As a result of all his injuries, the plaintiff has suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, disfigurement, and mental anguish.

23. As a result of the said injuries, the plaintiff has suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, mental anguish and disfigurement.

## **DAMAGES**

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant railroad, the plaintiff demands judgment for money damages sustained by him including fair, just and reasonable compensation for lost wages and benefits, lost future wages and benefits, pain and suffering, medical expenses and anticipated future medical expenses, mental anguish, loss of enjoyment of life and pre-judgment and post-judgment interest, in addition to any further relief the Court deems just and equitable.

\* \* \*

**Date: <u>July 22, 2025</u>**

                                                          BY HIS ATTORNEYS,

*/s/Jeffrey Neil Young*
Jeffrey Neil Young [#3874]
**SOLIDARITY LAW, PLLC**
9 Longmeadow Road
Cumberland Foreside, ME  04110
Tel: (207) 844-4243
E-mail: jyoung@solidarity.law

        and

*/s/Stephen J. Fitzgerald*
Stephen J. Fitzgerald *[PHV to be Filed]*
**GARRISON, LEVIN-EPSTEIN,**
      **FITZGERALD & PIRROTTI, P.C.**
405 Orange Street
New Haven, CT  06511
Tel: (203) 777-4425
Fax: (203) 776-3965
E-mail: sfitzgerald@garrisonlaw.com